UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        CRIMINAL NO. 15-83-SDD-EWD

*versus*

CHARLES C. LONDON

### RULING

This matter is before the Court on the *Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to 28 U.S.C. § 2255*[1] and a *Supplemental Motion*.[2] The Government has filed an *Opposition*[3] to these motions, and Defendant filed *Traverse Motions in Response to the Government's Response.*[4] For the following reasons, Defendant's motions are GRANTED in part and DENIED in part.

### I. BACKGROUND

On August 20, 2015, Defendant was indicted in 19 counts of an 86 count Superseding Indictment.[5] On January 6, 2016, Defendant appeared with his attorney and entered pleas of guilty to Count 1, conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; Count 3, distribution of MDMC and BZP, in violation of 21 U.S.C. § 841(a)(1); Count 4, distribution of 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 12,

---

[1] Rec. Doc. No. 1319.
[2] Rec. Doc. No. 1457.
[3] Rec. Doc. No. 1458.
[4] Rec. Doc. Nos. 1619 and 1751.
[5] Rec. Doc. No. 336.
50384

conspiracy to distribute and to possess with the intent to distribute MDMA, in violation of 21 U.S.C. § 846; Count 17, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and Counts 25, 46, and 53, unlawful use of a communications facility, in violation of 21 U.S.C. § 843(b).[6] During his plea colloquy, Defendant confirmed under oath that he read the Superseding Indictment, discussed it with his attorney, and understood the maximum penalties that could be imposed.[7] The Court fully explained the rights Defendant was waiving by pleading guilty, and Defendant stated that he understood all of these rights, and it was his intent to plead guilty.[8]

The Court specifically asked Defendant if he had fully participated in negotiating his *Plea Agreement*[9] through his counsel and if he had read and understood the *Plea Agreement* and discussed it with his attorney. Defendant, under oath, responded affirmatively.[10] The Court accepted the Defendant's pleas and advised how it would proceed to sentencing.

The Defendant's Pre-Sentence Report ("PSR") was issued on March 30, 2016.[11] The PSR found that Defendant's base offense level was 32, based upon the quantities of drugs involved in the conspiracies. The Defendant received a 2 level enhancement under USSG § 2D1.1(b)(1) for possessing a dangerous weapon with drugs; another 2 level enhancement under USSG § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing controlled substances; and a 4 level enhancement for being

---

[6] Rec. Doc. No. 567.
[7] Rec. Doc. No. 1067 at 7-10.
[8] *Id.* at 11-14.
[9] Rec. Doc. No. 548.
[10] Rec. Doc. No. 1067 at 14-15.
[11] Rec. Doc. No. 680. *Addendum*, Rec. Doc. No. 727; *Supplemental Addendum*, Rec. Doc. No. 827; *Supplemental Addendum*, Rec. Doc. No. 994.

50384

an organizer or leader of a criminal activity involving five or more participants, which resulted in an adjusted offense level of 40. After receiving a 3-level reduction for acceptance of responsibility, the Defendant had a total offense level 37, criminal history category of III, for a guideline imprisonment range of 262-327 months. The Defendant was also subject to a consecutive mandatory minimum term of imprisonment of 60 months for Count 17.

On September 8, 2016, the Defendant appeared for sentencing.[12] He confirmed that he had read the PSR and had the opportunity to fully discuss it with his lawyer.[13] Defendant advised the Court of an error in Paragraph 150, and the Court agreed that the correction should be made; however, this correction did not affect Defendant's guideline calculations.[14] The Court confirmed that defense counsel had not filed any objections to the PSR, and indeed no objections were raised at sentencing.[15] For oral reasons assigned, the Court sentenced the Defendant to 262 months on counts 1 and 4 to run concurrently with sentences of 240 months on counts 3 and 12, and 48 months on Counts 25, 46, and 53; and a consecutive sentence of 60 months on Count 17, for a total sentence of 322 months.[16]

Following sentencing, the Defendant appealed his sentence to the Fifth Circuit.[17] The Fifth Circuit found that the appeal presented no nonfrivolous issues for review and noted that the record was not sufficiently developed to allow a fair evaluation of the

---

[12] Rec. Doc. No. 998.
[13] Rec. Doc. No. 1068 at 2-4.
[14] Rec. Doc. No. 680 at 3, 5.
[15] Rec. Doc. No. 1068 at 14.
[16] *Id.* at 16.
[17] Rec. Doc. No. 1001.
50384

Defendant's claim of ineffective assistance of counsel; thus, the court declined to consider the claim without prejudice to collateral review.[18] Defendant subsequently filed the motion now pending before the Court.

## II. PARTIES' ARGUMENTS

The Defendant asserts three grounds for an ineffective assistance of counsel claim. First, Defendant claims that his counsel failed to oppose an unlawful sentence. Defendant contends that he was unlawfully sentenced because he was charged for dangerous weapon possession offence twice: once under § 924(c) as a substantive violation, and once under § 2D1.1(B)(1) as a two-level enhancement. Therefore, he was sentenced under a total offense level of 37 with guidelines ranging from 262 to 327 months, instead of a total offense level of 35 with guidelines ranging from 210 to 262 months. The Defendant alleges that as a result, he was sentenced based on incorrect guidelines. Second, the Defendant alleges that his counsel was not inclined to discuss the plea bargain agreement unless he cooperated with the Government. Defendant also claims that he was not presented with all the plea offers that were extended to his counsel by the Government. Third, Defendant argues that his counsel failed to file a motion to suppress wiretap interception evidence obtained by the Government that resulted in his arrest in the conspiracy with 35 other defendants.

In opposition to Defendant's motions, the Government argues that the Defendant entered his guilty plea knowingly and that there weren't further discussions about the plea agreements extended other than whether to include cooperation language. Next, the

---

[18] Rec. Doc. No. 1294.
50384

Government claims that there was no basis to challenge the introduction of the T-III interceptions into evidence as the applications were obtained legally and were not defective, insufficient, or misleading. Moreover, the defendant was charged in the conspiracy with 35 other defendants as a result of the T-III wire interceptions, and none of the 35 defense attorneys filed a motion to suppress the evidence obtained. However, the Government concedes that the Defendant should not have been subject to the increase under 2D1.1(B)(1) for the possession of a dangerous weapon because he was already charged under 18 U.S.C Section 924(c) for the same conduct.

## III. LAW AND ANALYSIS

Relief pursuant to Section 2225 may be granted if the movant's sentence "was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[19] Ultimately, the movant bears the burden of establishing his claim "by preponderance of evidence."[20] He must show that, "in light of all the evidence it is more likely than not that no reasonable juror would have convicted him."[21] Furthermore, the court may consider all information presented "including facts available at time of plea colloquy and those provided later by presentence report (PSR), to determine the factual basis for defendant's guilty plea existed."[22]

---

[19] *U.S. v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012).
[20] *U.S. v. Moody*, 622 F. Supp. 2d 362, 368 (E.D. Louisiana, 2009)(quoting *Wright v. U.S.*, 624 F.2d 557, 558 (5th Cir. 1980)).
[21] *U.S. v. Scruggs*, 714 F.3d 258, 266 (5th Cir. 2013).
[22] *U.S. v. Wainuskis*, 138 F.3d 183, 186 (5th Cir. 1998).

50384

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel."[23] The United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*.[24] In order to succeed on a claim of ineffective assistance of counsel, a defendant must establish that his "counsel's performance was deficient," and the "deficient performance prejudiced his defense."[25] A court does not need to address both parts of an ineffective assistance of counsel claim if a defendant fails to meet either the deficient performance prong or the prejudice prong of the Strickland test.[26]

Under the first prong of the *Strickland* test on deficient performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness."[27] For the purposes of federal habeas review, scrutiny of counsel's performance "must be highly deferential."[28] A court reviewing ineffective assistance of counsel claim will assess "counsel's overall performance throughout the case in order to determine whether identified acts or omissions overcome presumption that counsel rendered reasonable professional assistance."[29] In assessing counsel's performance, a court is required "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[30]

A court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable

---

[23] *Yarborough v. Gentry,* 540 U.S. 1, 4 (2003).
[24] 466 U.S. 668, 687 (1984).
[25] *Id.*; *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013).
[26] *Strickland*, 466 U.S. at 700; *Buck v. Davis*, 137 S.Ct. 759 (2017).
[27] *Id.* at 688; *Lee v. U.S.*, 137 S.Ct. 1958 (2017).
[28] *Id.* at 689.
[29] *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).
[30] *Strickland*, 466 U.S. at 689.

professional assistance."[31] Accordingly, the Fifth Circuit has explained that, "[a] conscious and informed division on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." [32]

As to the second prong of the *Strickland* test on prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[33] A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome."[34] Eventually, the defendant must also establish that "the result of the proceeding was fundamentally unfair or unreliable."[35]

### A. Ineffective Assistance of Counsel for failure to object to Unlawful Sentencing

Defendant claims his counsel's performance fell below an objective standard of reasonableness because the attorney failed to object to the application the two-level weapon enhancement under 2D1.1(b)(1). The Fifth Circuit acknowledged that a prosecutor may charge the possession of a dangerous weapon as a substantive violation under § 924(c) or seek the weapon enhancement under USSG § 2D1.1(b)(1), but not both.[36] The Government concedes that the two-level enhancement under 2D1.1(b)1 for

---

[31] *Ray v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999).
[32] *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005)(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).
[33] *Strickland*, 466 U.S. at 694.
[34] *Id.*
[35] *Lockhart v. Fretwell*, 506 U.S. 364, 396 (1993).
[36] *United States v. Molina*, 530 F.3d 326 (5th Cir. 2008).

50384

possession of a dangerous weapon was improper in light of the conviction and mandatory consecutive sentence already imposed for violation of 18 U.S.C. § 924(c).

The Defendant also contends that he was prejudiced by the application of the incorrect higher guidelines range because of the two-level enhancement. In reviewing the claim, "[a]ny amount of additional jail time is significant for purposes of showing prejudice."[37] Furthermore, if a defendant demonstrates that the deficient performance of his counsel resulted in a higher sentencing range, it shows a reasonable probability of a different sentencing outcome.[38]

The Government concedes that a sentencing hearing should be held with a total offense level of 35 instead of 37, a criminal history category of III, and resulting guidelines range of 210-262 months. The Court agrees with this analysis. Accordingly, for the reasons set forth above, the Defendant's motion based this claim shall be granted, and the Court will set this matter for re-sentencing.

### B. Alleged Failure to Discuss Plea Negotiations

Defendant also claims that his counsel failed to fully discuss and request various plea agreements with the Government. "In voluntarily pleading guilty, a defendant waives all nonjurisdictional defects in the proceedings leading up to his plea," and this includes ineffective assistance of counsel claims, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntarily."[39] In this case, the Defendant must assert the connection between his counsel's alleged errors and the plea he entered into.[40]

---

[37] *United States v. Rivas–Lopez*, 678 F.3d 353, 357 (5th Cir. 2012).
[38] *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1342 (2016).
[39] *United States v. Ray*, 2015 WL 7451194 (E.D. La. 2015)(quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)).
[40] *Glinsey*, 209 F.3d at 392.
50384

However, the Fifth Circuit has established that "a defendant makes a knowing and voluntary decision to take a plea when the defendant reads and understands the plea agreement containing a waiver-of-appeal provision, and raises no subsequent question concerning the waiver of his or her right to appeal before signing the agreement." [41]

The Defendant claims that the Government extended various plea agreements to his attorney that were not presented to him. However, the Government claims that only two plea agreements were provided to the defense, and the only issue was the inclusion of cooperative language. The Defendant does not provide any evidence of, or explanation for his claim, and he has failed to argue with any specificity how counsel provided ineffective assistance. Thus, Defendant has not established a *Glinsey* exception.

Furthermore, during the plea colloquy, the Defendant stated under oath that he fully discussed the Superseding Indictment with counsel, and he fully participated through his counsel in the negotiation of the plea agreement and carefully reviewed it.[42] The Defendant entered the guilty plea on a voluntary basis and responded affirmatively to the Court that he understood all the rights he was giving up by signing the plea agreement.[43] These facts weigh in favor of finding that Defendant signed and entered into the plea agreement on an informed and voluntary basis. Defendant's motions are DENIED on this claim.

---

[41] *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).
[42] Rec. Doc. No. 1067 at 7-10; 14-15.
[43] *Id.* at 14.
50384

### C. Failure to Move to Suppress Wiretap Evidence

Finally, Defendant argues his counsel was ineffective for failing to file a motion to suppress the introduction of the T-III wiretap interceptions into evidence. When a petitioner claims defense counsel was ineffective in failing to move to suppress evidence, "in addition to the *Strickland* factors, the defendant must prove that his [] claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."[44] Moreover, "[a]n attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."[45]

In the present case, Defendant fails to offer legal or factual support for the filing of a motion to suppress. Indeed, none of the defense attorneys for the co-conspirators charged in this matter filed a motion to suppress the evidence obtained through the T-III wiretap interceptions. The Court finds that no reasonably competent attorney could have succeeded in suppressing the evidence. The Defendant did not demonstrate how his attorney's failure to file a motion to suppress the evidence was unreasonable performance or ineffective assistance of counsel or how the outcome of his case would have been any different. Accordingly, Defendant's motion as to this claim is DENIED.

---

[44] *U.S. v. Valdez*, 2013 WL 696914 at *13 (W.D. La. Feb. 4, 2013)(citing *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).
[45] *U.S. v. Mingo*, 2014 WL 4443485 at *4 (E.D. La. Sep. 9, 2014)(quoting *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999); *see also Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir.2004) ("Because the claim ... is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit."); Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir.1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.")(internal quotation marks omitted).
50384

## IV. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to 28 U.S.C. § 2255*[46] and *Supplemental Motion*[47] are GRANTED in part and DENIED in part. This matter shall be set for re-sentencing to correct the error set fort above. All other claims by Defendant are without merit, and his motions are DENIED as to those claims.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 14, 2019.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec. Doc. No. 1319.
[47] Rec. Doc. No. 1457.
50384