UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                             CRIMINAL ACTION

VERSUS                                                            15-83-SDD-EWD

CHARLES C. LONDON

### RULING

This matter is before the Court on a *Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) in the Wake of the First Step Act Based on Extraordinary and Compelling Reasons and Compassionate Release, Reduction in Sentence*[1] filed by Defendant, Charles C. London ("London"). The Government has filed an opposition[2] to this motion. For the following reasons, London's motion is denied.

**I.   BACKGROUND**

On August 20, 2015, London was indicted in 19 counts of an 86 count superseding Indictment.[3] On January 6, 2016, London appeared with his attorney and entered pleas of guilty to Count 1, conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; Count 3, distribution of MDMC and BZP, in violation of 21 U.S.C. § 841(a)(1); Count 4, distribution of 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 12, conspiracy to distribute and to possess with the intent to distribute MDMA, in violation of 21 U.S.C. §

---

[1] R. Doc. 1951.
[2] R. Doc. 1962.
[3] R. Doc. 336.

1

846; Count 17, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and Counts 25, 46, and 53, unlawful use of a communications facility, in violation of 21 U.S.C. § 843(b).[4] On September 8, 2016, London appeared for sentencing.[5] For oral reasons assigned, the Court sentenced London to 262 months on counts 1 and 4 to run concurrently with sentences of 240 months on counts 3 and 12, and 48 months on Counts 25, 46, and 53; and a consecutive sentence of 60 months on Count 17, for a total sentence of 322 months.[6]

London filed a *Motion to Vacate* on July 27, 2017, arguing, *inter alia*, that his counsel was ineffective for failing to object to the application of a two-level weapon enhancement under 2D1.1(b)(1).[7] The Government conceded that the two-level enhancement was improper under the circumstances, the *Motion to Vacate* was granted in part, and an Amendment Judgment was entered on November 1, 2019 reducing London's sentence to 270 months.[8] London is currently incarcerated at FCI Yazoo City Medium with a projected release date of August 17, 2034.[9]

London filed an administrative request with the warden of FCI Yazoo City Medium on July 1, 2020 seeking compassionate release.[10] London now moves for a reduction in sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[11] London contends he has compromised breathing, bronchitis, and asthma, and BOP's ability to control the spread of COVID-19 at his facility has been "woefully inadequate."[12] London further

---

[4] R. Doc. 567.
[5] R. Doc. 998.
[6] R. Doc. 1068, p. 16.
[7] R, Doc. 1319.
[8] R. Doc. 1760; 1866.
[9] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[10] R. Doc. 1951, p. 3.
[11] R. Doc. 1951, p.11.
[12] R Doc. 1951, pp. 2, 4.

2

contends that extraordinary and compelling reasons exist for his release because he would not have received the same sentence under current sentencing guidelines.[13] London claims that, if released, he will reside with his aunt in Houston, Texas, obtain and commercial drivers' license and obtain employment driving trucks in home repair/HVAC.[14]

The Government opposes London's motion.[15] The Government contends that the conditions mentioned by London have not been identified by the CDC as increasing the risk for a severe COVID-19 outcome.[16] Furthermore, the Government contends that London has failed to demonstrate that the Section 3553(a) factors support his release.[17] The Government urges this Court exercise its discretion and deny compassionate release, emphasizing the serious nature of London's crimes.  Lastly, the Government argues that London should not receive compassionate release because his arguments about the sentencing guidelines are inapplicable and/or time barred.[18]

---

[13] R. Doc. 1951, p. 5.
[14] R. Doc. 1951, p. 10.
[15] R. Doc. 1962.
[16] R. Doc. 1962, p. 1
[17] R. Doc. 1962, p. 2-8.
[18] The Government stipulates that London's motion is exhausted (R. Doc. 1951, p. 13). The Government raises an issue in its opposition that was not included in London's administrative request to the Warden of FCI Yazoo City Medium, i.e. London's alleged obesity. London did not bring his alleged obesity to the Warden's attention in his administrative request, it is not exhausted, and the Court does not have jurisdiction over this issue. For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be premised on the same facts alleged in the corresponding motion filed with the court. See *United States v. Samak*, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020); *United States v. Wills*, 2020 WL 5073663, at *3 (E.D. La. Aug. 26, 2020); see also *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020); see also *United States v. Jenkins*, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020)("[T]he Court does not view the administrative exhaustion of an initial request for compassionate release as serving to discharge that requirement for subsequent requests based on different evidence and argument."). The administrative request submitted by London appears to have only put the warden on notice of immune deficiencies and potential breathing problems.

## II.    LAW AND ANALYSIS - Extraordinary and Compelling Reasons

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the

4

       defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C) Family Circumstances.—

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[19]

If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons" where such a condition is found to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.[20] Here, London claims that he suffers from "compromised breathing, bronchitis, and asthma."[21] None of these

---

[19] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).
[20] *See* U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)(I)).
[21] R. Doc. 1951, p. 2.

5

conditions have been identified by the CDC as creating an elevated risk of becoming seriously ill from COVID-19.[22] In any event, London has failed to prove that he suffers from the conditions alleged, as his medical records do not bear any notations reflecting such diagnoses.[23]

The Fifth Circuit in *United States v. Chambliss* held, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."[24] *Chambliss* makes clear that it must also consider the § 3553(a) factors (to the extent applicable), and these weigh against compassionate release. Even if London could prove that his medical condition(s) qualified as "extraordinary and compelling," the Court will exercise its discretion and deny compassionate release.

During his original sentencing, the Court reflecting upon the seriousness of London's crimes, noting that the offense level was very high due his leadership role in the drug conspiracy and the quantity of drugs that were found in his home, including 21 kilos of cocaine, 630 grams of crack cocaine, and 9,000 MDMA pills. The sentence imposed should reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes of the defendant; this is the reason why this Court imposed the sentence it did, and the Court believes that granting London compassionate relief would undermine those goals.

Lastly, London argues that maintains that the Court has authority to decide there are extraordinary and compelling reasons beyond the specific criteria laid out in § 1B1.13. Particularly, London contends "changes in the law drastically reduced his guidelines

---

[22] https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19.html.
[23] R. Doc. 1965 (sealed).
[24] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

range," which he considers to be an extraordinary and compelling reason for compassionate release.[25] There is a split of authority on this issue.[26] Ultimately, this Court need not resolve this split. Even if the Court were empowered to go beyond the specific criteria in § 1B1.13, as discussed above, the Court is exercising its discretion after weighing the sentencing factors of 18 U.S.C. § 3553(a) and denying compassionate release."[27]

### III.  CONCLUSION

London failed to present sufficient evidence to establish that there is an extraordinary and compelling reason for reducing his sentence, as he failed to satisfy any of the criteria in § 1B1.13. Finally, even if London had shown an extraordinary and compelling reason, the Court would exercise its discretion to decline the motion. Accordingly,

**IT IS ORDERED** that the *Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A) in the Wake of the First Step Act Based on Extraordinary and Compelling Reasons and Compassionate Release, Reduction in Sentence* (R. Doc. 1951), filed by Defendant, Charles C. London is **DENIED**.

Signed in Baton Rouge, Louisiana the 2nd day of February, 2021.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[25] R. Doc. 1951, pp. 7-8.
[26] *See United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1–*2 (S.D. Ga. Dec. 10, 2019) (collecting cases on both sides of this issue but ultimately holding that "this Court will follow the policy statement in U.S.S.G. § 1B1.13 and deny Willingham's motion because she does not meet the specificFebruary 2, 2021 examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford her relief.").
[27] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).