**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION NO.**

**VERSUS**                                                        **15-83-SDD-EWD**

**CHARLES C. LONDON**

**ORDER**

This matter is before the Court on a *Motion for Reduction of Sentence/Compassionate Release Pursuant to* 18 U.S.C. § 3582(c)(1)(A) filed by Defendant, Charles C. London ("Defendant").[1] The Government opposes this Motion,[2] and Defendant has filed a Reply.[3] For the following reasons, the motion is denied.

The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction .... 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] R. Doc. 2202.
[2] R. Doc. 2205.
[3] R. Doc. 2209.

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf." *Id.*

As clarified by the Court in *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020), the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. *See* 18 U.S.C.§ 3582(c) (emphasis added).

The Government represents in its opposition that the BOP advised that it was unable to locate any requests or responses after 2021.[4] In response, Defendant argues that the Government's information is outdated and points to documentation submitted indicating that Defendant did file a request with the Warden and received a response.[5] Administrative remedies must be exhausted *prior to* the filing of each motion seeking compassionate release, and it is the defendant's burden to demonstrate he exhausted administrative remedies with respect to the particular requests made in the motion seeking compassionate release.[6] The requests submitted by Defendant intended to demonstrate that he exhausted administrative remedies include a request dated May 6, 2025 and notations indicating that request was forwarded to the appropriate department for processing on May 7, 2025 and sent to the RIS Coordinate on May 12, 2025.[7] These requests were made after the filing of the instant Motion, which was on April 25, 2025, and as noted by the Government, a failure to exhaust cannot be cured by submitting an

---

[4] Doc. 2205, p. 5.
[5] R. Docs. 2209; 2206; 2206-1, 2206-2.
[6] *See United States v. Ezukanma*, No. 15-254, 2021 WL 389827, at *2 (N.D. Tex. Feb. 4, 2021) (though defendant exhausted administrative remedies prior to filing his first motion for compassionate release, he "was required to exhaust his administrative remedies prior to submitting the [second] motion as well.").
[7] R. Doc. 2206-1.

administrative request to the BOP after the filing of the compassionate release motion in court.[8] *United States v. Garrett*, 15 F. 4th 335, 340 (5th Cir. 2021) (a defendant must properly exhaust *before* filing the motion). Defendant included a response to an administrative request dated March 4, 2025 in the documentation submitted, but this response is clearly not related to the requests submitted by Defendant two months later, which were intended to exhaust remedies for purposes of this Motion.[9] Because Defendant has not included sufficient information for this Court to determine he exhausted administrative remedies with respect to the requests made in the instant Motion prior to the filing of this Motion, Defendant has not carried his burden in demonstrating he properly satisfied the exhaustion requirement of § 3582(c)(1)(A).

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Compassionate Release[10] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on September 9, 2025.

_____

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] R. Doc. 2205, pp. 5-6.
[9] R. Doc. 2206-2.
[10] R. Doc. 2202.